**James R. BRISBOIS, Respondent,**

v.

**Barry CARTAGE and Ideal Mutual Insurance Company, Relators.**

No. C9–88–516.

Supreme Court of Minnesota.

Aug. 12, 1988.

Janet Monson, Miriam Rykken, Minneapolis, for relators.

Mark G. Olive, Minneapolis, for respondent.

KELLEY, Justice.

The sole issue presented to us for review in this workers' compensation matter concerns whether an affidavit of prejudice requesting the removal of the assigned compensation judge was timely filed. The Workers' Compensation Court of Appeals reversed a determination of the Assistant Chief Administrative Law Judge that the affidavit of prejudice had not been timely filed.

We reverse and remand.

James R. Brisbois (employee) sustained a work-related injury on March 11, 1983. Barry Cartage and its workers' compensation liability insurer (employer/insurer) paid temporary total disability compensation until December 2, 1983. When they filed a notice of intention to discontinue benefits, employee objected to the discontinuance and requested a hearing before a compensation judge.[1]

The matter was assigned for hearing before Compensation Judge John E. Jansen. Between February 23, 1984, and January 28, 1986, it was continued four times for various reasons, at least one of which was at the request of the employee. When in May 1986, Compensation Judge Jansen was infomed that the employee's original attorney had been discharged and that there was going to be a substitution of counsel, he signed an order striking the matter from the active trial calendar. In addition to ordering the matter struck from the active calendar, the compensation judge ordered:

> * * * that when employee is ready to proceed to trial, he shall, through his attorney, in writing so advise the Court and opposing counsel and file an Amended Pre–Trial Statement responding to the standing pre-trial order; after which attorney for employer and insurer shall have 20 days in which to file an Amended Pre–Trial Statement; thereafter, the matter may be reinstated on the calendar as appropriate, for pre-trial and/or trial, upon no less than 30 days notice to the parties.

Nothing in the order indicated that a judge other than Compensation Judge Jansen would be ultimately hearing the case.

On June 12, 1986, the employee's newly retained counsel informed Compensation Judge Jansen in writing that he had been retained to represent the employee. He requested that the case be reset on the calendar for trial as soon as possible, and enclosed his pre-trial statement as well as a calendar of available trial dates. No request was made for reassignment of the case to another compensation judge. On July 23, 1986, a substitution of attorneys

---

1. Under the law at the time of the employee's injury, the employer/insurer could unilaterally discontinue benefits merely by filing a notice of intention to discontinue, setting forth supporting reasons. The aggrieved employee could then file an objection and request a hearing. In the interim, no benefits were paid. Minn.Stat. § 176.421 (1982). This procedure was changed by the legislature in 1983. *Violette v. Midwest Printing Co.–Webb Pub.*, 415 N.W.2d 318 (Minn. 1987).

was filed with the Office of Administrative Hearings reflecting the change of attorneys. Again, no request for removal of Compensation Judge Jansen was made.

On September 22, 1986, an "Order of Assignment, Notice of Pretrial and Notice of Hearing" form was served (for the fifth time) upon the parties by the Office of Administrative Hearings. That notice stated that the matter had been "assigned" to Compensation Judge Jansen for hearing on December 23, 1986. On September 25, 1986, the employee's new counsel filed an affidavit of prejudice requesting removal of Compensation Judge Jansen. On September 26, the Assistant Chief Administrative Law Judge by order denied the requested removal on grounds that the employee's application had been untimely made where the employee's substituted counsel had notice of the assigned judge no later than June 12, 1986. Thereafter Compensation Judge Jansen heard the matter as scheduled on December 23, and ultimately filed his findings and order, which were generally adverse to the employee.

In his appeal to the Workers' Compensation Court of Appeals (WCCA) the employee challenged the findings and order on the merits, but, as well, contended his pre-hearing request to remove the compensation judge should have been honored. Because it concluded that the employee's affidavit of prejudice had been timely and should have been honored, the WCCA vacated the compensation judge's order and remanded for a new hearing. Therefore, because it was unnecessary to address the merits of the case it did not do so. By writ of certiorari, the employer/insurer have sought review of that decision.

Pursuant to Minn.R. 1415.2600, subp. 2, a party may disqualify a compensation judge as follows:

A party or his attorney may file an affidavit of prejudice if the party reasonably believes that a hearing before the assigned judge cannot be fair due to the judge's prejudice or bias. The affidavit must be served on opposing parties and filed with the chief administrative law judge not more than ten days after the filing party has received notice of the assigned judge or has knowledge of the grounds for disqualification, whichever occurs last. Each party is allowed one filing per case under this subpart. Upon filing of the affidavit with proof of service, the chief administrative law judge shall assign the case to another judge.

Little dispute exists that employee's substituted counsel had notice that the matter had been assigned to the Compensation Judge three months before he filed the affidavit of prejudice. The September 22, 1986, "Order of Assignment, Notice of Pretrial and Notice of Hearing" form was issued merely to notify the parties of when the hearing was to be held before the assigned judge. Nothing in the affidavit of prejudice indicates that the substituted counsel was basing his request for removal on any information that was unavailable to him at the time he became involved in the case. The Assistant Chief Administrative Law Judge determined that the affidavit was untimely filed; and under the facts of this case, we agree. We therefore reverse the decision of the Workers' Compensation Court of Appeals and remand the matter to the court for review on the merits.

Reversed and remanded to the Workers' Compensation Court of Appeals.